Good morning, counsel. Good morning. May it please the court. My name is Jeff Ulster. I'm with the law firm of Lewis, Brisbois, Bisgarden, Smith, and I represent Appellate United Construction Company, and I would like to reserve five minutes of my time for rebuttal, please. Counsel, please be reminded that the time shown is your total time remaining. Thank you. The district court's ruling here failed to apply and appreciate three critical principles of Nevada law. Number one, when separate statutes are in conflict, they should be construed to harmoniously avoid the conflict as well as unreasonable and absurd results. Two, statutes must be interpreted to avoid interpretation that renders other statutes nugatory or meaningless. Three, statutes should be construed in a manner that conforms to reason and public policy. The result of the district court's ruling here that the underlying plaintiff's CD claims, construction defect claims, which were brought nine years after the underlying property was completed, but United Construction's indemnity and contribution claims, which were brought less than two months after its motion to dismiss was denied, is unreasonable and absurd, not just factually and not just as a matter of common sense, but also as a matter of Nevada law. Under NRS 11.2023, which is the statute of repose governing construction defect actions, claims for contribution and indemnity are specifically exempted. In other words, there's no time limitation for those provisions. This situation is precisely why continuing recognition of the Beezer Homes insurance exception is required. This exception posits that when the time bar... Is that exception merely dicta, given that it was not essential to the holding? I suppose it's an interesting question. I suppose it is technically dicta, because it wasn't necessary for the court to, in the case, to reach that conclusion, because it held based on the language of the prior statute that post-dissolution claims didn't have a time bar. But the reason I say it's interesting is because... I mean, the statute that was being interpreted was completely silent as to post-dissolution claims. So, not only was it not essential to the court's holding, but it's irrelevant to the statute that was being interpreted in its entirety. That's, again, I think characterizing it as dicta is fair. But neither the district court nor ATLAS here reason that it shouldn't be followed because it's dicta. But we can make that holding. We're not bound by the decision of the district court on that issue. Of course you're not. But what this court has said repeatedly in the Home Medics case in 2003, 315 F. 3rd, 1135, G. V. Tenneco, 615 F. 2nd, 861, Rocky Mountain, 452 F. 2nd, 603, that in diversity cases, this court is bound by well-reasoned state court dicta. Right. But even if we regard it as, you know, well-reasoned dicta or, I mean, I don't dispute that we should pay attention to reasoned dictum of the state Supreme Court. But it was reasoned dictum about a different statute. The statute has been amended in fairly significant ways since then by both the addition of the within three years of dissolution and then the sentence after it that any remedy not commenced within that period is barred. So why does, you know, the court's observation, however we characterize it about the prior statute, have any relevance now? Because what Nevada law holds in terms of construing statute and what was meant, what was discussed in Beezer as well, is that when a statute is silent and it's based on language that has a history, that have rulings that have been in place, then the court may presume that when the legislature amends the statute, that it has a meaning consistent with those prior rulings. Right. So can't we assume that the legislature's addition of this final clause in 2013 was in fact a response to the silence? There was no such language. Then you have Beezer and then the legislature acted. So why can't we just presume that that language, which is plain and unambiguous, resolves this question? Because the legislature did not address one way or another the exception. But why isn't the inclusion of this clause the addressing of this issue? I guess I don't understand why the inclusion of this specific clause doesn't resolve the point that you are making right now. Well, again, as the court said in Beezer, you have to look to prior rulings of a statute to guide how it gets applied. And the legislature could have easily said, yeah, in 2004, Beezer recognized an insurance exception and we're not going to get rid of that. What is your best case for the proposition that the legislature had to do that, had to actually speak on its intent with respect to the inclusion of this clause? I don't know that there's a case that says they had to. But I think, again, the language in Beezer itself at Pinpoint site, P3rd Pinpoint site 1135 to 1136, says when a legislature adopts language that has a particular meaning or history, rules of statutory construction also indicated that a court may presume that the legislature intended the language to have a meaning consistent with previous interpretations of that language. Beezer was a previous interpretation of the corporate dissolution statute that engrafted this exception. And this exception was based on California common law, the Pensacuitos case. What the exception said was that some kinds of claims when they're undistributed assets, you know, survive the dissolution. And isn't one response to that to say any such remedy or cause of action not commenced within the applicable period is barred? I mean, that seems to directly respond to that by saying, you know, any, any is very broad. Any means, you know, including the ones that were talked about in Beezer, right? Yes. But that, but that leaves open a conflict. It leaves open a conflict between the corporate dissolution time bar statute and NRS 11.202, which is the time bar statute for construction defect actions. We now have a direct conflict between those two statutes in terms of the corporate dissolution statute bars claims for indemnity and contribution just by blanket fiat. But you still have NRS 11.202 subsection three on the books, which exempts contribution and indemnity claims from even the 10 year statute over post time bar for CD claims. That's the type of conflict that, that should require the continuing recognition of the, of the exception. So you raised an interesting point just a few moments ago about how Beezer, the footnote in Beezer was relying on a California Supreme Court decision. And I'm interested to know, you know, how that should factor into our consideration of the legislature's action, because now we don't, we not only have a court interpreting a Nevada statute, you know, or, or looking at Nevada law, they were looking at the California Supreme Court decision, and then you have the Nevada legislature acting. So, so how should we, it seems to me that that actually undercuts your argument that we should interpret this particular provision consistent with the footnote in Beezer. Right. Well, as this court is aware that Nevada courts frequently look to California courts for guidance. That's a very common practice and well-established and well-recognized. And while Atlas does note that there are between the California statutory scheme and the Nevada scheme in terms of corporate dissolution. In fact, California doesn't have the deadlines, right? That's pretty obvious. However, in the, in the Pensacuato's case, the California case that Beezer cites, they don't rely on the California statute. They rely on the notion that it's just not fair as a matter of common law, that if the court, and what, what they said, what the California Supreme Court said is if the corporation has liability insurance coverage, its dissolution provides no reason to excuse the insurer from defending the action and indemnifying those, those injured by the, the dissolved corporation's activities. They don't cite to any provision of the California code. They just simply state that as a matter of corporate common law. And common law in both Nevada and California is, is critical in shaping and forming law with respect to statute of limitations provisions and, and time limitations. That law is a collection of statutes and case law. So that common law is critical. Um, I see my, my time for this session is up, but if, but if I, if there are any questions, I'm happy to answer. Before you, before you, um, sit down, I have a question about the certification. Um, why didn't you raise the issue of certification below? In all honesty, Your Honor, I, I can't answer that question just because I wasn't involved. Um, so all I can say is frequently when, um, a case goes on appeal and you get more, you, both sides go deeper into the weeds. You realize that there really is a hole in a state's law. Here it's Nevada, obviously. And that's when it becomes apparent that, you know, there is this genuine conflict between the two statutes that is recurring, it's current, it's an important and case determinative issue of law that, that, that could help guide this court if, if it, if it feels it's necessary. Can I ask you one more question about the, the, the conflict with, with 11-202? So, you know, 11-202 has the general statute opposed for construction defects. And then you were saying there's an exception for indemnity and subsection 3 just says the provisions of this section do not apply to a claim for indemnity, right? So I don't understand how that conflicts with 78.585 because you can just not apply the indemnity and construction statute or oppose and that's fine. But then you do apply 78.585. So what's the conflict? Well, the, the, the conflict is that, is that there's no time limitation for claims for contribution and indemnity that attached to a CD claim because there's, there's a, there's a recognition by the legislature in that context that when a C, when a construction defect claim is brought, you're going to have claims for indemnity and contribution downstream to subcontractors. And those may happen more than 10 years after the, the, the property was, was completed. So it's a recognition that those claims are special. Those claims are different and they're not subject to time bars. All right. Thank you, counsel. Thank you. Good morning, your honors. May it please the court. Alice Mercado on behalf of Atlas Contractors. Counsel started his argument by talking about statutory construction and public policy. And I would note that the, the district court had those considerations in mind twice in her order. Judge Deuce starts with, when construing an ambiguous statute, the court must give the statute the interpretation that reason and public policy would indicate the legislature intended. Then proceeding on, the court goes on to talk about the policy underlying 78.585. And it, she says, the plain language is consistent with the history of section 78.585 as a mechanism intended to provide finality to shareholders and directors after the dissolution of a corporation while simultaneously balancing the need to preserve adequate remedies for latent defects undiscovered at the time of dissolution. So Judge Deuce's order is actually comports with applicable principles of statutory construction. In addressing the, the issue before her, the court looked at the plain language of NRS 78.585, not the previous statute, not anything else. She's looking at the plain language of the statute. And under the plain language of the statute, post-dissolution claims are barred after three years post-dissolution. There's no exception in there. There's no discovery rule in there. There was much argument in the briefing about, you know, how unfair it was that United was not able to discover what was going on because the dissolution happened and the time had already lapsed. But that's not the question. The legislature knew what to do when it had a discovery rule for the two-year period and plainly did not include a discovery rule for the three-year period, which is why Judge Deuce correctly determined that was a statute of repose. It triggered based on what happened. The event was the dissolution of Atlas. That triggered the three years. No discovery. And it didn't matter that there are other statutes, that there's other statutes of limitations. There's always going to be. Do you agree, though, that the language in Beezer presents a little bit of a challenge here in that it states the exception for corporations with undistributed assets would apply even in the face of express statutory language to the country? And, Your Honor, one of the things that the court was talking about, as you mentioned, the court was dealing with the prior version of 78-585. That was silent as to post-dissolution claims. Yeah, but it arguably is contemplating the possibility of express statutory language otherwise. Yeah, and arguably that's true. But what the court was dealing with is things were silent with regard to post-dissolution claims. And as the court said, even if there was a bar, we're dealing with this issue. So that issue was presented to the legislature. There's no question the legislature was aware of Beezer because they and Cannarelli refers back to Beezer and references it as being potentially a flawed reasoning. But the legislature dealt with those issues and had an opportunity in the statute of repose to make an exception following Beezer. It didn't follow anything that Beezer did. It basically wrote the statute, added a specific provision for post-dissolution claims, and it basically took out any discovery issue with regard to that. And then in terms of any conflict between 11-202 and 78-585, the legislature dealt with that as well in section 2 of 78-585. It says this is what it is and no other law is going to extend or shorten the statutes or the periods of limitations that we've discussed in this matter. So there is no conflict that the legislature hasn't dealt with with regard to Beezer. The statute, the 2013 version of 78-585 filled the silence that was left by the earlier version that the Beezer court tried to fill by basically saying what is a post-dissolution claim? What does a rising, you know, how do we interpret a rising to make sure that the time limit is going to be for that? The court took out or the legislature took out the word arising out of the current statute and it took away anything that would be anywhere consistent with what Beezer was looking to do. The court, the legislature could have done that, but it didn't. It created a statute of repose basically following what Judge Dew mentioned. It was balancing the interests of the corporations that are dissolved and the shareholders and the directors. So your position is essentially there is no conflict, the language is clear, the legislature has resolved this issue. Let's assume we disagree with you on that. What's the problem with certifying the issue to the Nevada Supreme Court? Well, the way that I see certification, Your Honor, is that the court, the Nevada Supreme Court will look at cases where there is no controlling law and then it wants to come in make a determination and, you know, it wants the opportunity to certify or to make its decisions with regard to new law. But we have controlling law. We have 78-585 and that controls here because it addresses the very specific issue that is raised from United suing Atlas six years after it had been dissolved. There's no reason to take it to the Nevada Supreme Court. And, you know, one of the things that United's brief had indicated is that Judge Dew predicted incorrectly how the Nevada Supreme Court would rule on this issue. And I respectfully disagree with that. She followed basically going through, this is what the statute says. If the statute isn't clear and ambiguous, which she says it is, plain language, this is what it says, but even if we say it's not, then let's look to legislative history and the legislative history also pretty clearly says we want a ceiling, a stop date for this time period for claims that are against a dissolved corporation. So she not only took the statute, she took the legislative history and they both comport with one another. There is nothing in the legislative history that says, you know, Beezer had a point here when they talked about this liability insurance or undistributed assets. The legislator could have easily added that exception no differently than it added an exception to 11202 for any fraudulent claims or where it says this is not going to apply to the indemnity and contribution claims. The legislator could have easily have done that. It did not do that. Does Atlas have any assets at this point other than the insurance policy? No. So the only issue here really is, does the insurer have to pay out on this claim as a practical matter? As a practical matter, yes. And so, I mean, they, the insurance company wrote this policy that would cover these claims. If Atlas were still in business, the insurer would have to pay out on the claim. I mean, it seems sort of odd that the happenstance that Atlas is no longer in business and has dissolved means that the insurer gets a windfall and United has nobody to recover from it. Why does that make any sense as a policy matter? Well, I can't tell you why it would make any sense other than this is what the legislature determined. Because as I said earlier, the legislature was aware of Beezer when it changed this and it could have said, you know, this doesn't make sense. We're going to adopt that footnote from Beezer and add it here for the very reasons that you've just articulated. But it didn't do that. It just, this is what it said. It created the exception for it. And, you know, there's an aspect where the court or the legislature both address the issue of fairness, because that's one of the themes that United has brought forward. And similar to the question that you ask is why is this fair that the insurance company gets to get a windfall and it's not fair to us because we didn't know that there was a claim out there. So why is this fair to us? And there's a case that the Supreme Court actually spoke about fairness in the instance where statutes of repose are involved and basically said that's not up to us to decide. And the case that I want to bring to the court's attention, it's Somerset Owners Association versus Somerset Development. That's 492 P3rd 532, a Nevada 2021 case. And in that same issue, similar issues here, statute of repose is before the court and the homeowners are saying, well, we didn't know that, you know, we only had six years and so these walls are falling apart and we should be able to and summary judgment was entered in favor of the contractor and the Supreme Court affirmed summary judgment. And in so doing, addressing statutes of repose, it said the perceived unfairness resulting from the application of the statute of repose on these facts is not within this court's purview to resolve. And then quoting from the United States Supreme Court, the court wrote, quote, statutes of repose affect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time. And with that, it recognized there might be instances where it may not be fair, but it's not the court's purview, it's the legislator's purview. And if they think this is not an appropriate manner of handling or how it should be resolved, then it's up to the legislature to make that legislative determination that it's going to make an exception as it has shown it's impossible to do and it's able to do in cases where it thinks that, you know, that statute of repose should not apply in these instances. So ultimately, Judge Du was correct. This is a statute of repose. The three-year aspect is a statute of repose. There's no discovery rule. It's not affected by other statutes of limitations. The legislature made that clear. It's not subject to any exceptions. The legislature made that clear. And if there is any problem with that or any concerns that this is just a not fair outcome, then it's up to the legislature to make that correction. And, you know, whether it will or won't remains to be seen. But we do know that the legislature was aware of Beezer. It was aware of Cannarelli. And it actually, in its legislative history, acknowledges the Nevada Supreme Court asked us to address this issue. We're addressing this issue. The outcome of that invitation was NRS 785 as it currently stands as Judge Du interpreted it. There's no question, based on the facts or based on the plain language of the statute, that she accurately predicted what the Nevada Supreme Court would do in a similar situation. And on that basis, we ask the court to affirm the entry of summary judgment in favor of Alice. Unless the court has any other questions. It appears not. Thank you, counsel. Thank you, Your Honor. Rebuttal. Thank you. You can't miss the Beezer insurance exception in the opinion. While it is a footnote, the footnote is appended to the main holding of the case, which is that there are no time bars for post-dissolution claims under the prior statute. So we're left with the question. And there's a lot of legislative history in the record. It's undisputed that none of it mentions the insurance exception. So there's no evidence that it was consciously rejected. Therefore, we need to rely on the other guidance from Beezer, which is that silence, when there's silence on the amendment of an existing statute, we need to look at existing rulings. And part of the existing rulings are Beezer itself and the insurance exception. As Judge Miller noted, that it's a different statute now. So Beezer was interpreting a statute that had been amended. So why should we rely on a case that interpreted a different statute? It's the same statute, but it's a critical amendment that was made in 2013. The 2013 amendment did change the Beezer holding. I don't want to play games about that. It did change the Beezer holding about post-dissolution claims. But there's no evidence in the legislative history record that the insurance exception was considered. Do we go to legislative history when the language of the statute is clear? Generally not. But there's a different kind of ambiguity, I think, that flows from certain statutory predicaments like we have here, which is silence. And under Nevada law, including Beezer, including many other Nevada Supreme Court opinions, silence means you look to how the statute integrates with other statutory schemes and public policy. What's silent about the amended statute? It doesn't speak to the insurance exception. It doesn't speak to an exemption that was recognized by another branch of the Nevada government and has not been overturned or weakened or commented on in any way by any subsequent Nevada court. It has not been overruled. And it's an opinion that's based on the California Supreme Court and well-grounded common law, which Nevada looks to. And I suppose all that may militate in favor of certification, but again, public policy here is like you said, Your Honor. You've got happenstance. You've got live companies that continue to do business subject to 10-year statutory proposals. And companies, if they go out of business, they're in the clear after three years. And that's just not fair. We respectfully request reversal. Thank you. Thank you to both counsel. Case just argued is submitted for decision by the court.
judges: RAWLINSON, MILLER, DESAI